UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA LEE MCDONALD,<br><br>              Plaintiff,<br><br>     v.<br><br>MID-ISLAND HYUNDAI, LLC d/b/a CENTEREACH HYUNDAI and HYUNDAI CAPITAL AMERICA dba HYUNDAI MOTOR FINANCE,<br><br>              Defendants. | Case No.: |

## COMPLAINT

Plaintiff, Patricia Lee Mcdonald ("Plaintiff") brings this action to secure redress against Mid-Island Hyundai, LLC d/b/a Centereach Hyundai ("Dealer") and Hyundai Capital America dba Hyundai Motor Finance (the "Lender" and together with the Dealer, "Defendants") relating to a financed automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1. In November 2024, Plaintiff shopped for a new car with the Dealer. Through a variety of sharp and deceptive practices, Plaintiff was conned into buying a 2024 Hyundai Kona, Vehicle Identification Number KM8HECA32RU175611 (the "Vehicle"), paying significantly more than the agreed-upon cost. The cost of the Vehicle had been grossly inflated and packed with expensive add-ons Plaintiff did not want and did not ask for.

2. In this action Plaintiff seeks, among other things, statutory and actual money damages, injunctive relief, and declaratory judgment, against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. ("TILA"), the New

York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350 and common law claims for fraud.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

4. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

5. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the Dealer maintains offices, transacts business, and is otherwise found in this district.

## PARTIES

7. Plaintiff is a natural person residing in Suffolk County, New York.

8. Upon information and belief, the Dealer, a car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 1815 Middle Country Rd., Centereach, NY 11720.

9. Upon information and belief, the Lender is a national banking association and, among other things, provides automobile loans and loan servicing nationwide including in the State of New York.

10. The Lender is, upon information and belief, assignee of Plaintiff's contracts with the Dealer and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

## FACTS

11. In November 2024, after her car was totaled in an accident causing injuries to Plaintiff, she was in the market for a replacement car and found the Vehicle for sale with the Dealer.

12. On November 29, 2023, Plaintiff visited the Dealer and agreed to purchase the Vehicle for $35,000.00.

13. It was agreed that Plaintiff would make a $11,000.00 down payment and would be credited a $1,500.00 rebate, with the balance of $22,500.00 to be financed.

14. During closing of the transaction Plaintiff was instructed by the Dealer's representative to sign certain hard copy documents but also to sign digital copies of other documents. None of what Plaintiff was signing was reviewed or explained to her, she was just simply instructed where to sign. Plaintiff was not directly presented with copies of any of the documents to which her electronic signature or initials were supposedly affixed. Plaintiff was not given an opportunity to review any of the documents before signing.

15. Plaintiff was handed the keys to the Vehicle to which license plates and a temporary registration had been affixed.

16. Plaintiff left the Dealership with few documents none of which confirmed the sale of the Vehicle or the financing terms.

17. Thereafter, after requesting documents from the Lender, Plaintiff discovered that among the sale documents to which her electronic signature was affixed, was a Retail Installment Simple Finance Charge Agreement (the "RISC").

18. In reviewing the RISC, Plaintiff discovered that the cost of the Vehicle was not as agreed, that the cash price was inflated from the $35,000.00 to $37,749.00 – a difference of $2,749.00.

19. The "Itemization of Amount Financed" section of the RISC includes a "Service Contract" listed at the cost of $3,500.00. Plaintiff did not ask to purchase a service contract, did not want a service contract and did not authorize the purchase of a service contract.

20. The "Itemization of Amount Financed" and the "Other Optional Insurance" sections of the RISC includes "GAP" insurance with a premium cost of $375.00. Plaintiff did not ask to purchase GAP insurance, did not want GAP insurance and did not authorize the purchase of GAP insurance.

21. At all relevant times Defendants acted willfully and in bad faith.

22. The unlawful actions described herein harmed Plaintiff.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF TILA
(15 U.S.C. § 1601 *et. seq*. TILA)

23. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

24. Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

25. Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

26. Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

27. The RISC lists a motor vehicle, an article of personal property, as collateral.

28. The RISC is a written agreement, payable in more than four installments.

29. The finance charge indicated on the RISC exceeds $1,000.00.

30. The copy of the RISC that was obtained by Plaintiff is inconsistent with oral disclosures made by the Dealer on the date of the transaction.

31. Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

32. The increase in the sale price and the required purchase of the Service Contract and GAP Insurance are "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

33. As a result of Defendants' failure to properly include these and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed in the RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

34. Defendants have failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

35. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiff has suffered actual damages, including but not limited to additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiff did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

36. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would not have agreed to purchase the Vehicle on the terms and conditions imposed on her by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

37. Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would have sought and obtained an alternate transaction.

38. For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

39. The Lender, upon information and belief, is assignee of the contracts entered into between the Dealer and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF NEW YORK MVRISA
(N.Y.P.P.L. § 301 *et seq.*)

40. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

41. The Dealer is a "retailer seller" within the meaning of MVRISA §301(3).

42. The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

43. MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

44. As set forth above, Defendants violated numerous TILA provisions.

45. As set forth above, the RISC provided to Plaintiff was in gross violation of TILA's requirements.

46. The violations set forth herein were both knowing and willful.

47. Defendants had ample opportunities to correct the violations but failed to do so.

48. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff is entitled to costs and attorney's fees.

**THIRD CAUSE OF ACTION**
**<u>DECEPTIVE TRADE PRACTICES</u>**
(N.Y. Gen. Bus. Law § 349(h))

49. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

50. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

51. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

52. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

53. Upon information and belief, the Dealer routinely hides the true cost of borrowing from its customers by, as in Plaintiff's case, misstating the amounts financed.

54. The Dealer's conduct and statements were materially misleading.

55. These deceptive acts and practices were committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

56. As a result of these violations of NYGBL §349, Plaintiff suffered pecuniary and non-pecuniary harm.

57. Upon information and belief, the Dealer's violations were willful and knowing and committed in bad faith.

58. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h), and declaratory judgment that Defendants' practices are deceptive as defined under § 349.

### FOURTH CAUSE OF ACTION
### FALSE ADVERTISING
(N.Y. Gen. Bus. Law § 350)

59. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

60. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

61. The Dealer engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiff and the public -- online and on the dealership lot, that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

62. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

63. The Dealer's false advertising was done knowingly and willfully and committed in bad faith.

64. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised sale price for the Vehicle would not be honored and or would require the purchase of additional products such as the Add-Ons.

65. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised price required purchase of the Service Contract and GAP Insurance.

66. As a result of The Dealer's false advertising, Plaintiff has been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

### FIFTH CAUSE OF ACTION
### COMMON LAW FRAUD

67. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

68. The Dealer asserted false representations of material facts as set forth above, including but not limited to, that the agreed sale price of the Vehicle was $35,000.00.

69. The Dealer asserted false representations of material facts as set forth above, including but not limited to, that the sale documents would reflect the terms as agreed which did not include Plaintiff's purchase of the Service Contract and GAP Insurance.

70. Upon information and belief, the Dealer knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to it. This is because the Dealer knew that it had inflated the cost of the Vehicle.

71. The Dealer made these false representations for the purpose of defrauding Plaintiff and to entice her to buy the Vehicle at a cost many thousands of dollars more than he had agreed.

72. Had the Dealer told Plaintiff the truth, Plaintiff would not have purchased the Vehicle from the Dealer on the terms stated in the RISC.

73. Plaintiff justifiably relied upon the Dealer's misrepresentations in agreeing to sign the RISC.

74. Plaintiff suffered damages as a direct result of the reliance upon the misrepresentations.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

    **(a)**     **On the First Cause of Action:**

    Judgment in favor of Plaintiff and against Defendant for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiff's obligation under the RISC void;

    **(b)**     **On the Second Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff's costs and attorneys' fees.

    **(c)**     **On the Third Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, (c) injunctive and declaratory judgment, and (d) costs and reasonable attorneys' fees;

    **(d)**     **On the Fourth Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

**(e)**      **On the Fifth Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for their fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

**(f)**      **Any additional and further relief as may be deemed just and appropriate.**

Dated: Pearl River, New York
       July 3, 2025

                                        **THE LAW OFFICES OF**
                                        **ROBERT J. NAHOUM, P.C.**
                                        *Attorneys for Plaintiff*

By:_____
                                        **ROBERT J. NAHOUM**
                                        1 Blue Hill Plaza, Lobby Level, Suite 1509
                                        Pearl River, NY 10965
                                        Telephone No.: (845) 450-2906
                                        Facsimile No.: (888) 450-8640
                                        Email: RJN@NahoumLaw.com